**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NICHOLAS OUDEKERK,

                                        Plaintiff,

        v.

                                                No. 5:25-CV-0919
MAILLE, et al.,                                 (GTS/PJE)

                                        Defendants.

---

**APPEARANCES:**

Nicholas Oudekerk
11 Summit Street
Fort Edward, New York 12845
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

#### I.  **In Forma Pauperis**

        Plaintiff pro se Nicholas Oudekerk ("plaintiff") commenced this action on July 14,

2025, by filing a complaint.[2]  *See* Dkt. No. 1.  In lieu of paying this Court's filing fee, plaintiff

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(d).

[2] The undersigned notes that plaintiff has filed thirteen other actions with this Court, many of which have been dismissed.  *See Oudekerk v. Glens Falls PD Officer Doe 1, et al.*, 5:23-CV-0288 (AJB/TWD) (terminated Dec. 19, 2025); *Oudekerk v. Bateholts*, 5:23-CV-0608 (LEK/TWD) (terminated May 24, 2023); *Oudekerk v. Thomas, et al.*, 9:24-CV-0109 (ECC/TWD); *Oudekerk v. Hearing Officer Doe, et al.*, 9:24-CV-0111 (AMN/CFH) (terminated May 24, 2024); *Oudekerk v. Doe #1*, 9:24-CV-0113 (AJB/MJK); *Oudekerk v. Curtis, et al.*, 9:24-CV-0144 (GTS/DJS) (terminated Apr. 16, 2024); *Oudekerk v. Eldridge, et al.*, 9:24-CV-0309 (FJS/CFH) (terminated June 13, 2024); *Oudekerk v. Springer, et al.*, 9:24-CV-0310 (DNH/ML) (terminated June 13, 2024); *Oudekerk v. Lehoisky*, 1:24-CV-0311 (AMN/TWD) (terminated Nov. 17, 2025); *Oudekerk v. Canale, et al.*, 9:24-CV-0408 (LEK/DJS) (terminated Aug. 18, 2024); *Oudekerk v. Bolmen, et al.*, 9:24-CV-0654 (GTS/ML) (terminated Aug. 27, 2024); *Oudekerk v. C.O. Doe, et al.*, 9:25-CV-0371

submitted an application for leave to proceed in forma pauperis ("IFP").  *See* Dkt. No. 2.

The undersigned has reviewed plaintiff's IFP application and determines that he

financially qualifies to proceed IFP.[3]  Pursuant to this review, this Court must now assess

the merits of plaintiff's complaint and motion pursuant to 28 U.S.C. §§ 1915, 1915A.[4]

## II. **Legal Standards**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall

dismiss the case at any time if the court determines that . . . the action or appeal (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly

maintain his complaint before permitting him to proceed further with his action."  *Praileau*

*v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his

submissions liberally and interpret them to raise the strongest arguments that they

suggest."  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam)

(internal quotation marks and citation omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se
> litigant is entitled to special solicitude, that a pro se litigant's
> submissions must be construed liberally, and that such
> submissions must be read to raise the strongest arguments
> that they suggest.  At the same time, our cases have also
> indicated that we cannot read into pro se submissions claims

---

(ECC/TWD) (terminated July 11, 2025); *Oudekerk v. Green, et al.*, 9:25-CV-1115 (BKS/TWD); *Oudekerk v. Chiniak*, 9:25-CV-1747 (AJN/MJK).

[3] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[4] These requirements apply equally to non-prisoner pro se litigants.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

> that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[6]  Specifically, Rule 8

---

[5] Hereinafter, "Fed. R. Civ. P."
[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not

comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

## III. **Discussion**

### A. **Plaintiff's Complaint**[7]

Plaintiff alleges that on May 21, 2025, Maille, Sheriff Dept. Investigator ("Maille"), and Ortiz, Sheriff Dept. ("Ortiz") arrested him without an arrest warrant. *See* Dkt. No. 1 at 13. Plaintiff asserts he was unlawfully arrested because nonparty Tayvion McIntosh ("McIntosh") falsely accused him of an aggravated family offense, and Mallie and Ortiz refused to properly investigate McIntosh's claims or consider exculpatory evidence in his favor. *See id.* at 6-7. More specifically, it appears that on May 20, 2025, McIntosh told police that McIntosh and plaintiff lived together and dated for four weeks, and that plaintiff assaulted McIntosh on May 17, 2025. *See id.* at 6.

Plaintiff refutes McIntosh's claims and avows that (1) he was released from prison on May 6, 2025, and therefore, it was not possible that he could have lived with McIntosh for four weeks by May 17, 2025; (2) he did not live with McIntosh because he was homeless; (3) he is "not gay nor bisexual [and] therefore would never date a dude";

---

[7] Plaintiff included many attachments with his complaint. *See* Dkt. Nos. 1-1, 1-2, 1-3, 1-4. These attachments have also been reviewed in connection with the initial review of plaintiff's complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

(4) on May 17, 2025, he was with McIntosh at the Cradle Library for four hours, where he observed McIntosh with no injuries; and (5) McIntosh was observed at the "Queensbury Burger King 24 hours after [May 17, 2025], . . . with no injuries." Dkt. No. 1 at 6-7. Plaintiff further claims that he "had not seen nor heard from [] McIntosh since [May 18, 2025], [and] on that day he had no injuries." *Id*. at 11. Additionally, plaintiff claims that a nurse testified at his preliminary hearing that, on May 20, 2025, McIntosh's injuries were two days old, and it was "therefore impossible that [McIntosh's injuries] [were] caused by [him]." *Id*. at 12. Plaintiff argues that, had Mallie and Ortiz requested his documents from prison and the security camera footage from both the Cradle Library and Queensbury Burger King, this evidence would have refuted McIntosh's claims. *See id*. at 8-9. By not requesting this additional information and properly investigating McIntosh's claims against him, plaintiff asserts that he was unlawfully arrested, and his due process rights were violated. *See id*. at 9, 13.

Plaintiff also claims that McIntosh bit him, caused him to bleed, and that he had to be treated with a tetanus shot and two antibiotics. *See* Dkt. No. 1 at 13-14. Yet, when plaintiff reported these claims to Mallie and showed Mallie the bite marks on his body, Mallie took photographs of his injuries but refused to let plaintiff file a statement documenting the incident nor did he arrest McIntosh. *See id*. at 14. Plaintiff asserts that Mallie violated his equal protection rights by refusing to take these actions. *See id*. Plaintiff seeks $300,000 in punitive damages; $300,000 in monetary damages; and $300,000 in actual damages. *See id*. at 5.

B. **Analysis**

Liberally construing plaintiff's complaint, plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983 against Mallie and Ortiz, alleging that his Fourth Amendment right against unreasonable search and seizure and Fourteenth Amendment due process and equal protection rights were violated.  *See* Dkt. No. 1 at 5, 13-15; *see also Triestman*, 470 F.3d at 475 ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### 1. **Fed. R. Civ. P. 8**

As a threshold matter, plaintiff's complaint fails to satisfy the pleading requirements of Rule 8.  *See* FED. R. CIV. P. 8(a).  Plaintiff's complaint does not provide "a short and plain statement of the claim showing" why he is entitled to relief.  *Id*.  Plaintiff's complaint alleges that he was unlawfully arrested without a warrant.  *See generally* Dkt. No. 1.  Yet, plaintiff provides no details or context regarding his arrest or Mallie and Ortiz's conduct during his arrest.  Plaintiff does not set forth (1) where he was arrested; (2) the manner in which he was arrested; (3) his, Mallie, and Ortiz's actions and statements, or any other events and circumstances, immediately prior to, during, and after his arrest; (4) whether he informed Maille of the potential exculpatory evidence in his favor at any point; (5) Maille or Ortiz's conduct and statements after he presented and explained the potential exculpatory evidence in his favor; or (6) whether he was convicted of any crime following his arrest or received any favorable termination thereof.

Similarly, plaintiff's complaint alleges that Maille refused to investigate or arrest McIntosh for assaulting him. *See* Dkt. No. 1 at 13-14. However, beyond stating that he told Maille that McIntosh assaulted him, and Maille took photographs of the bite marks and injuries on his body, plaintiff does not provide anything further about the details surrounding these events. *See id.* at 14.

Without this information, plaintiff's complaint does not provide "fair notice of the claim[s] being asserted" against Mallie and Ortiz such that they would have an adequate opportunity to answer and "prepare an adequate defense." *Flores*, 189 F.R.D. at 55; *Sheehy*, 335 *F. App'x* at 104; FED. R. CIV. P. 8(a)(2). Therefore, as will be discussed in further detailed below, the undersigned recommends that plaintiff's complaint be dismissed without prejudice for failure to satisfy Rule 8's requirements. *See Salahuddin*, 861 F.2d at 42; FED. R. CIV. P. 8(a)(2); *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

## 2. **Fourth Amendment**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." U.S. Const. amend. IV. "The Fourth Amendment prohibits 'police seizures of persons for custodial interrogation-even brief detentions falling short of arrest-without probable cause.'" *Clarke v. Cnty. of Broome*, No. 1:10-CV-399 (MAD/ATB), 2012 WL 1005086, at *6 (N.D.N.Y. Mar. 23, 2012) (quoting *Cerrone v. Brown,* 246 F.3d 194, 199 (2d Cir.2001)). "The protections of the Fourth Amendment are limited to rights violated through unreasonable searches and seizures." *Id.* (citing *County of Sacramento v. Lewis,* 523

U.S. 833, 844 (1998)).  "[E]ven unreasonable, unjustified, or outrageous conduct by an officer is not prohibited by the Fourth Amendment if it does not involve a seizure . . . or . . . a search."  *Id*. (quoting *Dick v. Gainer,* 1998 WL 894649, at *2 (7th Cir.1998)).

"In order for a seizure to occur, the subject must 'yield' to the assertion of authority over him and thereby have his liberty restrained."  *Clarke*, 2012 WL 1005086, at *6 (quoting *Britton v. Maloney,* 196 F.3d 24, 30 (1st Cir.1999) (citing *California v. Hodari D.,* 499 U.S. 621, 626 (1991))).  "If there is a show of authority without use of physical force, there can be no seizure unless there is also 'actual submission' to the show of authority." *Id*. (quoting *Hodari D., 499 U.S. at 626 n. 2).  "To determine whether an encounter constitutes a seizure, 'a court must consider the totality of the circumstances and ascertain whether the police conduct would have communicated to a reasonable person that she was free to terminate the encounter.'"  *Id*. (quoting *Saenz v. Lucas,* No. 07 CIV. 10534 (WCC), 2008 WL 2735867, at *3 (S.D.N.Y. July 9, 2008) (citing *inter alia U.S. v. Glover,* 957 F.2d 1004, 1008 (2d Cir.1992)).  The Second Circuit has noted that the

> [f]actors suggesting that a seizure has occurred include: the threatening presence of police officers; the display of a weapon; physical contact by the officer; language indicating that compliance with the officer is compulsory; prolonged retention of a person's belongings; and a request by an officer to accompany him or her to the police station or a police room.

*Id*. (citing *Gardiner v. Inc. Vill. of Endicott,* 50 F.3d 151, 155 (2d Cir.1995).

Here, plaintiff has not demonstrated that he was unlawfully seized.  As discussed above, plaintiff has not provided any details regarding the events leading up to the purported seizure or his interactions with Maille and Ortiz during the seizure itself.  *See supra* at 5-6.  Without that additional information, judicial review is frustrated, and the undersigned is unable to evaluate whether Maille and Ortiz's alleged seizure of plaintiff

was unreasonable and violated plaintiff's Fourth Amendment rights.  In its current form, plaintiff's complaint is unclear as to what occurred on May 21, 2025.  *See* Dkt. No. 1 at 13; *generally* Dkt. No. 1.

Additionally, assuming, *arguendo*, for purposes of this assessment only that Maille and Ortiz seized plaintiff, his Fourth Amendment claim may be precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994) if he has a conviction associated with this seizure.  "A civil lawsuit may not be used to collaterally attack an existing criminal conviction."  *Barzee v. Tyler*, No. 8:21-CV-902 (GTS/CFH), 2022 WL 1406606, at *10 (N.D.N.Y. May 3, 2022), *report and recommendation adopted,* No. 8:21-CV-902 (GTS/CFH), 2022 WL 2079084 (N.D.N.Y. June 9, 2022) (citing *Heck*, 512 U.S. at 484-86).

> In *Heck*, the Supreme Court of the United States held that a Section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate an extant criminal conviction unless "the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus."

*Id*. (quoting *Heck*, 512 U.S. at 486-87).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487; *see Hartwick v. Annucci*, No. 5:20-CV-408 (DNH), 2020 WL 6781562, at *6 (N.D.N.Y. Nov. 18, 2020) (noting that *Heck* extends to parole officers and parole violations).

Here, plaintiff has not provided the Court with any information regarding what happened after he was arrested such as whether criminal charges were brought against him.  *See generally* Dkt. No. 1.  Plaintiff does not state whether he was convicted of any crime as a result of any such charges.  *See id*.  As such, the undersigned cannot evaluate whether plaintiff's Fourth Amendment unlawful seizure claim is precluded by *Heck*.  *See*

*Stegemann v. Rensselaer Cty. Sheriff's Office*, 648 F. App'x 73, 76 (2d Cir. 2016) (summary order) ("*Heck* bars a § 1983 claim based on an extant conviction, but it has no application to an anticipated future conviction."); *but see Young v. Monroe Cnty.*, 750 F. Supp. 3d 73, 79 (W.D.N.Y. 2024) ("The fact that Plaintiff had not yet been convicted when he filed this action does not change the conclusion.") (citing *Smalls v. Collins*, 10 F.4th 117, 137 (2d Cir. 2021) (discussing the Supreme Court's extension of Heck to ongoing criminal proceedings)), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36 (2022).

Plaintiff's complaint claims that his Fourth Amendment rights were violated.  *See* Dkt. No. 1 at 6-9.  If it is the case that plaintiff has been convicted of a crime, a finding in plaintiff's favor on his Fourth Amendment claims would "necessarily invalidate" a criminal conviction; thus, "plaintiff's claims are barred by *Heck* unless and until he can demonstrate favorable termination of his criminal conviction."  *Cole v. Smrtic*, 1:24-CV-00847 (MAD/CFH) 2024 WL 4870495, at *5 (N.D.N.Y. Nov. 21, 2024); *Cato v. Bleakley*, No. 20-CV-7087 (EAW), 2021 WL 4595427, at *4 (W.D.N.Y. Oct. 6, 2021) (quoting *Heck*, 512 U.S. at 490) ("[I]n order to recover damages under Section 1983 for harm 'attributable to an unconstitutional conviction or sentencing[,]' the conviction or sentence must first be invalidated. Where the claim has not first been invalidated, the cause of action under Section 1983 is not cognizable because it has not yet accrued.").  It is not clear whether plaintiff has been convicted of any criminal charges, and his complaint does not indicate favorable termination.  Therefore, the undersigned recommends that plaintiff's Fourth Amendment unlawful seizure claim be dismissed without prejudice because it is possible that plaintiff can amend to (1) demonstrate that either he was not charged with a crime or

if he was charged and convicted, he received a favorable termination of the conviction, and (2) provide sufficient facts to support his Fourth Amendment claim.

Additionally, plaintiff's complaint alleges that Maille and Ortiz violated his Fourteenth Amendment due process rights by refusing to investigate and obtain potentially exculpatory evidence demonstrating that he did not assault or injure McIntosh. *See* Dkt. No. 1 at 6-9, 13.  The undersigned concludes that this claim is properly analyzed under the Fourth Amendment.  *See Russo v. City of Bridgeport*, 479 F.3d 196, 212 (2d Cir. 2007) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 n. 9 (1998)) (holding that the plaintiff's claim that law enforcement officers mishandled or suppressed exculpatory evidence "be 'treated under the Fourth Amendment,' . . . rather than under substantive due process.").  However, as with plaintiff's Fourth Amendment unlawful seizure claim, as it is unclear whether plaintiff faces any criminal convictions associated with the assault, this claim may be precluded by *Heck*.  *See Stegemann*, 648 F. App'x at 76.  Accordingly, the undersigned recommends that plaintiff's Fourth Amendment claim alleging that defendants refused to investigate and obtain potentially exculpatory evidence claim be dismissed without prejudice and with leave to amend because it is possible that plaintiff can amend to demonstrate that he received a favorable termination any related criminal conviction, along with providing sufficient facts to support his claim.

In the event plaintiff is permitted to amend and, upon amending demonstrates that he received a favorable termination of any related criminal conviction, he would then still need to establish the merits of his Fourth Amendment claim relating to the refusal to investigate and obtain potentially exculpatory evidence.

Probable cause "exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to

warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.  [The] probable cause inquiry is based upon whether the facts known by the arresting officer at the time of arrest objectively provided probable cause to arrest."

*Callahan v. City of New York*, 90 F. Supp. 3d 60, 68 (E.D.N.Y. 2015) (quoting *Codrington v. City of New York*, No. 12-CV-01650 (SLT/SMG), 2015 WL 893567, at *4 (E.D.N.Y. Mar. 2, 2015).  "Further, an officer in possession of credible information sufficient to affect an arrest is under no obligation to conduct further investigation."  *Id.* (citing *Panetta v. Crowley,* 460 F.3d 388, 396, 398 (2d Cir. 2006) ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause . . . Once an officer has probable cause, he or she is neither required nor allowed to continue investigation, sifting and weighing information.")).  "[L]aw enforcement officers are not required to 'explore and eliminate every theoretically plausible claim of innocence before making an arrest.'  Nor are they 'required to continue investigating, sifting and weighing information' once probable cause has been established."  *Wagner v. Hyra*, 518 F. Supp. 3d 613, 626 (N.D.N.Y. 2021) (first quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); then quoting *Celestin v. City of N.Y.*, 581 F. Supp. 2d 420, 432 (E.D.N.Y. 2008)).  "However, 'the failure to make a further inquiry when a reasonable person would have done so may be evidence of a lack of probable cause.'"  *Id.* (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996).

As stated, plaintiff alleges that that Maille and Ortiz refused to investigate and obtain potentially exculpatory evidence demonstrating plaintiff's innocence.  *See* Dkt. No. 1 at 8-12.  However, plaintiff's complaint does not allege that (1) he told Maille about his prison paperwork or the Cradle Library and Queensbury Burger King surveillance video tapes prior to or at the time of his arrest, (2) this evidence refutes Maille and Ortiz's

probable cause to effectuate his arrest; or (3) Maille and Ortiz had any other additional reason to investigate plaintiff's claims of innocence. *See Callahan*, 90 F. Supp. 3d at 68; *Wagner*, 518 F. Supp. 3d at 626; *Medina v. City of New York*, No. 20-CV-0797 (VEC), 2021 WL 1700323, at *4 (S.D.N.Y. Apr. 29, 2021) (citing *United States v. Fama,* 758 F.2d 834, 838 (2d Cir. 1985) (noting that an arrestee's "innocent explanation may be consistent with the facts alleged [but] does not negate probable cause" to arrest); *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 265 (S.D.N.Y. 2013)(summary order) ("[P]robable cause is not eliminated [ ] by the mere existence of evidence that could permit a conclusion of innocence."); *Golodner v. City of New London,* No. 08-CV-1319, 2010 WL 3522489, at *7 (D. Conn. Sept. 1, 2010), *aff'd*, 510 F. App'x 59 (2d Cir. 2013) ("[F]ailing to provide an arrestee with the opportunity to present his exculpatory evidence does not undermine a probable cause determination").

### 3.  **Fourteenth Amendment Due Process**

The Due Process Clause provides that a State may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The two threshold questions in any procedural due process claim are: (1) whether the plaintiff possessed a protected liberty or property interest protected by the United States Constitution or federal statutes[,] and (2) if so, what process was due before plaintiff could be deprived of that interest." *Barzee v. Tyler*, No. 8:21-CV-902 (GTS/CFH), 2022 WL 1406606, at *7 (N.D.N.Y. May 3, 2022), *report and recommendation adopted,* No. 8:21-CV-902 (GTS/CFH), 2022 WL 2079084 (N.D.N.Y. June 9, 2022) (quoting *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (internal quotation marks omitted)).

Affording plaintiff due solicitude, he argues that his Fourteenth Amendment due process rights were violated when Maille refused to investigate his allegation that McIntosh bit and assaulted him.  *See* Dkt. No. 1 at 13-14.  However, "to the extent that Plaintiff asserts a freestanding constitutional right to have [his] assault complaint investigated, [he] fails to state a claim for relief.  Generally speaking, crime victims do not have a stand-alone constitutional right to have officers investigate their complaints." *Price v. City of New York*, No. 15 CIV. 5871 (KPF), 2018 WL 3117507, at *21 (S.D.N.Y. June 25, 2018) (citing *Troy v. City of New York*, No. 13-CV-5082 (AJN), 2014 WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014), *aff'd,* 614 F. App'x 32 (2d Cir. 2015) ("There is 'no constitutional right to an investigation by government officials.'"), *aff'd*, 614 F. App'x 32 (2d Cir. 2015) (summary order); *Lewis* v. *Gallivan*, 315 F. Supp. 2d 313, 316 (W.D.N.Y. 2004) ("[T]he law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual."); *Harrington v. Cnty. of Suffolk,* 607 F.3d 31, 35 (2d Cir. 2010) (quoting *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 756, 760 (2005) ("[T]he duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion.  That discretion precludes any 'legitimate claim of entitlement' to a police investigation.") (internal citation omitted).  "The Court must therefore dismiss Plaintiff's claims concerning a stand-alone constitutional right to have [his] assault complaint investigated by the police." *Id*.  As plaintiff's claim is not cognizable under section 1983, the undersigned recommends dismissing plaintiff's Fourteenth Amendment due process claim with prejudice and without leave to amend for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### d.  **Fourteenth Amendment: Equal Protection**

"The Equal Protection Clause requires state actors to treat similarly situated persons alike." *Barzee*, 2022 WL 1406606, at *9 (citing *City of Cleburn, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "Typically[,] an equal protection claim is brought by a member of a vulnerable class, who alleges discrimination based upon that membership." *Id*. (quoting *AYDM Assocs., LLC v. Town of Pamelia*, 205 F. Supp. 3d 252, 265 (N.D.N.Y. 2016) (citing *Harlen Assocs. v. Incorporated Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001)). "However, the equal protection guarantee also extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." *Id*. (quoting *AYDM Assocs., LLC*, 205 F. Supp. 3d at 265 (internal quotations marks and citations omitted)).

"A plaintiff may bring a class-of-one claim by showing that he or she was intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Barzee*, 2022 WL 1406606, at *9 (quoting *AYDM Assocs.*, 205 F. Supp. 3d at 268 (internal quotation marks omitted) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 654 (2000)). "[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons [with] whom they compare themselves." *Id*. (quoting *Bill & Ted's Riveira, Inc. v. Cuomo*, 494 F. Supp. 3d 238, 246 (N.D.N.Y. 2020)) (internal quotation marks and citations omitted); *see also Hu v. City of N.Y.*, 927 F.3d 81, 93 (2d Cir. 2019) (resolving uncertainty as to the "extremely high" degree of similarity required for comparators in "class-of-one" claims). To prove a "class-of-one" claim:

> [A] plaintiff must establish that he and a comparator are "*prima facie*
> identical" by showing that "(i) no rational person could regard the
> circumstances of the plaintiff to differ from those of a comparator to a degree
> that would justify the differential treatment on the basis of a legitimate

> government policy; and (ii) the similarity in circumstances and differences
> in treatment are sufficient to exclude the possibility that the defendant acted
> on the basis of mistake."

*Id*. (quoting *Hu*, 927 F.3d at 92 (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008)).

Plaintiff appears to suggest that he and McIntosh were involved in a domestic dispute. *See* Dkt. No. 1 at 13-14; Dkt. No. 1-3 at 3. Plaintiff further alleges that Maille and Ortiz accepted McIntosh's version of what occurred and proceeded to arrested plaintiff, yet, when he complained of McIntosh's assault upon him, Maille and Ortiz did not act on his complaint. *See* Dkt. No. 1 at 13-14. Reading plaintiff's complaint liberally, plaintiff claims that he and McIntosh are similarly-situated; thus, Maille and Ortiz's conduct of arresting him, but not McIntosh, amounts to selective prosecution[8] in violation of his Fourteenth Amendment equal protection rights. *See* Dkt. No. 1-3 at 2-3; Dkt. No. 1 at 16.

However, as with plaintiff's Fourth Amendment claims, it is unclear whether plaintiff was convicted of any crime connected with the interaction. If there were criminal charges resulting from this incident and he was convicted, this claim may be precluded by *Heck*. *See Stegemann*, 648 F. App'x at 76. "Plaintiff's selective prosecution claim here, if

---

[8] "[S]elective prosecution claims, also called selective enforcement or selective treatment claims, are brought by plaintiffs against whom state actors selectively enforced the law in an allegedly discriminatory manner." *White v. City of New York*, 206 F. Supp. 3d 920, 930 (S.D.N.Y. 2016) (citing *LeClair v. Saunders*, 627 F.2d 606, 608 (2d Cir.1980)); *Wood v. Town of E. Hampton*, No. CIV.A. 08-CV-4197 (DRH), 2010 WL 3924847, at *18 (E.D.N.Y. Sept. 30, 2010) (noting that selective prosecution and selective enforcement apply the same standard).

> To succeed in an action alleging selective prosecution, plaintiffs in this Circuit have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

*Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2004) (quoting *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001)); *Aretakis v. Durivage*, No. 07-CV-1273 (RFT), 2009 WL 249781, at *22 (N.D.N.Y. Feb. 3, 2009) (citing *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005)) (same).

meritorious, would necessarily mean that his conviction was unlawful." *Corley v. Vance*, 365 F. Supp. 3d 407, 457 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020) (summary order); *Ruotolo v. Town of New Paltz*, No. 1:22-CV-0169 (LEK/DJS), 2023 WL 2500655, at *18 (N.D.N.Y. Mar. 14, 2023) ("To the extent Plaintiff has stated a claim for selective prosecution pursuant to the Equal Protection Clause . . . the Court finds that *Heck* bars that claim.") (internal citations omitted). Accordingly, the undersigned recommends that plaintiff's Fourteenth Amendment equal protection claim based on selective prosecution be dismissed without prejudice and with leave to amend because it is possible that plaintiff can amend to (1) demonstrate that he either was not criminally prosecuted or, if convicted, he received a favorable termination, and (2) provide sufficient factual information to support his claim.

## IV. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, plaintiff has not demonstrated whether he was convicted of any crime or received a favorable termination. As such, plaintiff's Fourth Amendment unlawful seizure and failure to investigate and obtain exculpatory evidence claims, as well as his

Fourteenth Amendment equal protection claim based on selective prosecution, may be barred by *Heck*.  However, such defects can potentially be cured by a better pleading. Conversely, plaintiff lacks a stand-alone Fourteenth Amendment due process right to have McIntosh's alleged assault investigated; thus, leave to amend on this claim would be futile.  Accordingly, it is recommended that plaintiff's (1) Fourth Amendment claims relating to the unlawful seizure and failure to investigate and obtain exculpatory evidence, and (2) Fourteenth Amendment equal protection claim based on selective prosecution, be dismissed in their entirety without prejudice and with leave to amend.  It is further recommended that plaintiff's Fourteenth Amendment due process claim be dismissed in its entirety with prejudice and without leave to amend.[9]

## V.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Maille and Ortiz for violating his Fourteenth Amendment due process rights by failing to investigate nonparty McIntosh's alleged assault of him (Dkt. No. 1), such claim be **DISMISSED with prejudice and without leave to amend**; it is further

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Maille and Ortiz for violating his Fourth Amendment right against unlawful seizure and for failure to

---

[9] In the event the District Judge adopts the undersigned's Report and Recommendation Order and plaintiff is permitted to amend their complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference. Any amended pleading supersedes and replaces a prior pleading in its entirety. An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for which leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure.

investigate and obtain exculpatory evidence (Dkt. No. 1), such claims be **DISMISSED without prejudice and with leave to amend**; it is further

**RECOMMENDED**, that plaintiff's Fourteenth Amendment equal protection claim based on selective prosecution (Dkt. No. 1), be **DISMISSED without prejudice and with leave to amend**; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be given thirty days from the filing date of the District Judge's Order adopting this Report-Recommendation and Order to file an amended complaint, and if the plaintiff does not so file pursuant to that Decision & Order, the action may be closed without need for further order of the Court, and if plaintiff does so file, the amended complaint be noticed for substantive sufficiency review pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[10]

---

[10] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday,

Dated:  February 2, 2026
        Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).